JOHNSON *et al. vs.* COX *et al.*

1. Declarations made by one in possession of land in disparagement of her title are admissible in evidence.
2. While the charge of the court is not entirely free from error, the errors it contains are not material, and the jury arrived at the right conclusion.

April 27, 1888.

Ejectment. Title. Evidence. Charge of court. Before Judge HINES. Scriven superior court. November term, 1887.

On April 17, 1885, William and Mary W. Cox brought complaint for land againt Eliza Johnson; and James Young (who is the real party defendant) was regularly made a party to the action. As amended, it set forth that Eliza Johnson was in possession of certain land, describing it; that petitioners were tenants in common and claimed title; and that Eliza Johnson had received the profits of it since March 1, 1875.

On the trial, the testimony for plaintiffs tended to show that they were the only children of William Cox; that one was born June 26, 1859, and the other August 5, 1861; that they, with Hannah Cox, their mother, were the heirs at law of William Cox; and that Mrs. Cox consented to the bringing of this suit. Her husband bought the land in 1863 or 1864, and was in possession until his death in October, 1864. She remained in possession, controlling the place for the estate, until it was sold to Young. She authorized Harden & Levy, by power of attorney, to sell, receiving $450 as proceeds of the sale, which she considered as a sale of her interest. The children lived with her and shared in the benefits of this money. The land was not sold to get money to support the children. Before sale she received fifteen to eighteen dollars a month as rent for it. She accepted

a deed from Mrs. Ferrell to the place because she wanted
some paper title. A Mr. Laurence settled on the place
thirty or forty years before the trial. Lellibridge suc-
ceeded him in possession, and was succeeded by William
Cox.

The defendant introduced the following testimony:
At the time James Young bought the land, he paid for
it what it was worth. He bought in good faith the en-
tire interest, and had never heard that there was any
trouble with the title; would not have bought a part
interest; thought Mrs. Cox owned the land, and never
heard of any other claimant; had never known Mr. Cox
or any of the family; had paid taxes and been in pos-
session ever since his purchase. The deed to him was
prepared by Levy, and all the papers in that attorney's
hands were turned over by him or his firm to the party
who negotiated the trade for Young. This party had
no notice of any deed from Lellibridge to Cox or of any
cloud on the title. It was admitted that Mrs. Ferrell
was the sole heir at law and legatee of Lellibridge. The
defendants then put in evidence a deed from Scarbor-
ough to Laurence, a deed from Laurence to Lellibridge,
a deed from Mrs. Ferrell to Mrs. Cox, a power of attor-
ney from Mrs. Cox to Harden & Levy, and a deed from
her, by her attorney in fact, Levy, surviving partner of
Harden & Levy, to Young. The first of these it is not
necessary to mention further. The deed from Laurence
to Lellibridge was made April 13, 1863. That of Mrs.
Ferrell to Mrs. Cox bore date April 17, 1873, and recited
that the maker was the daughter and residuary legatee
of Lellibridge; that she had reason to believe, and did
believe, that her father had, during his life-time, sold the
land to Mrs. Cox or her husband, and as the title-deeds
had been lost or destroyed and never recorded, she
made this deed (a quit-claim) to Mrs. Cox. The power
of attorney from Mrs. Cox to Harden & Levy author-

ized the sale of the property in dispute; and the warranty deed to Young, dated March 1, 1875, covered the entire property.

The plaintiffs, in rebuttal, showed by Mrs. Cox that, as administratrix of the estate of her husband, she returned this property to the appraisers of the estate as the property of the estate. They also introduced temporary letters of administration to Mrs. Cox, dated October 31, 1864, and permanent letters to her, dated July 8, 1864.

The jury found for the plaintiffs two undivided thirds of the premises in dispute. The defendants moved for a new trial on the following grounds, with others:

The verdict was contrary to law and evidence.

Because the court erred in charging the jury as follows: Another way by which a person can hold and acquire title is by inheritance.

Because the court charged: If you find from the evidence that plaintiffs are the children of William Cox, deceased, and he died seized and possessed of this tract of land, the law presumes that he had the legal title to it, and his title descended to and vested directly in his heirs at law.

Because the court charged: If the defendant claimed through Mrs. Cox, then he is bound by all of her acts and admissions affecting the title acquired by her before she sold to him.

Because the court charged: Defendant is bound by the recitals in the deed from Mrs. Ferrell to Mrs. Cox, he being privy in estate, and if the deed recited in that deed was made to Mrs. Cox before the year 1866, then that deed vested the title in William Cox, and Mrs. Cox had no interest in the property whatever except as heir at law.

Because the court charged: If the deed recited in the Ferrell deed was made to William Cox, then Mrs. Cox had no interest in the property except as heir at law.

Because the court charged: If the plaintiffs were minors, they had seven years after they became of age to commence their action.

Because the court refused to charge as follows: In connection with the foregoing, I give you this principle in charge: that while ordinarily a prescription cannot run against an infant, still, if the plaintiffs in this case claimed through their father, William Cox, it would be necessary to show that William Cox had title, that his title was recorded, or that notice of his title was brought home to defendant, James Young, or notice of the title of the plaintiffs was brought home to the defendant, to prevent the possession of James Young, under his deed, from ripening into a prescriptive title.

Because the court erred in not explaining to the jury the meaning of the term "seized and possessed."

Because the court erred in permitting Mrs. Cox to testify, over objection, that she had pointed out to the appraisers of the estate of her husband the land in dispute as part of her husband's estate;—the objection being that it was an attempt to prove title to land by parol; that it was not the best evidence, in fact; and that it must first be shown that there was an appraisement of her husband's estate.

The motion was overruled, and defendants excepted.

T. H. Potter and Dell & Wade, by brief, for plaintiffs in error.

Hobby & Mathews, by Harrison & Peeples, *contra*.

Blandford, Justice.

1. We see no error on the part of the court in permitting Mrs. Cox to testify that she had pointed out to the appraisers of her husband's estate the land in dispute, as a part of such estate. According to the record, this

must have happened long prior to the sale which she made to Young. It was an admission against her interest at the time it was made; and we think it was properly admitted.

2. Numerous exceptions were taken to the charge of the court. While the charge of the court is undoubtedly subject to some criticism and is not entirely free from error, yet taking the whole charge together, we think it contained no material errors affecting the result in this case. Taking the whole case as made by the evidence, we think the jury arrived at a right conclusion when they found for the plaintiffs two-thirds interest in the property in dispute.

Judgment affirmed.